IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|   |   |
|---|---|
| MARTHA SAMANTHA NOYA JIMINEZ, | * |
| Plaintiffs, | * |
| v. | * Case No.: PWG-17-2696 |
| EXPRESS CHECK CASH, LLC, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Martha Samantha Noya Jiminez filed suit against Defendants Express Check Cash, LLC and its owner Luis A. Lanza (collectively "Defendants") to recover unpaid overtime wages. Defendants were served and have not responded. The Clerk filed an entry of default against Defendants on December 13, 2017. ECF Nos. 6, 7. Plaintiff has since filed a Motion for Default Judgment, ECF No. 8. Again, the Defendants failed to respond. Having reviewed the motion, I find that a hearing is unnecessary in this case. *See* Loc. R. 105.6. Plaintiff has shown Defendants' liability, established the damages she seeks, and is awarded $13,266.65. Plaintiff also seeks attorneys' fees and costs in this matter and will be awarded $3,582.50. Accordingly, Plaintiff's Motion for Default Judgment will be granted as modified.

## Factual and Procedural History

Luis A. Lanza owns Express Check Cash, LLC ("Express Check Cash"), a Maryland corporation. Compl. ¶¶ 4, 5 ECF No. 1. As the owner, Mr. Lanza "controlled the day-to-day

operations of Express Check Cash" and had" the power to hire, fire, suspend, and discipline" Ms. Noya Jiminez. *Id.* at ¶ 10–11.

Ms. Noya Jiminez was a cashier for Defendants from December 1, 2014 through July 16, 2017 (the "Employment Period"). *Id.* ¶ 17. She was paid at four different hourly rates throughout her tenure: at an hourly rate of $9.50 from July 28, 2014 through February 22, 2015; an hourly rate of $10.00 from February 23, 2015 through December 27, 2015; an hourly rate of $10.75 from December 28, 2015 through June 26, 2016; and an hourly rate of $11.25 for the remainder of the Employment Period. *Id.* ¶ 18; *see also* Noya Jiminez Decl. ¶ 8. Ms. Noya Jiminez asserts that she routinely worked in excess of forty hours per week and was not compensated at the required overtime rate—one and half times her regularly hourly rate—for the hours she worked in excess of forty hours per week ("Overtime Rate"). Noya Jiminez Decl. ¶ 10, ECF No. 8-1.

On September 12, 2017, Plaintiff filed her Complaint in this action against Defendants for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl., §§ 3-401 – 3-431; and the Maryland Wage Payment and Collection Law ("MWPCL"), Lab. & Empl., §§ 3-501 – 3-509. *See* Compl. Plaintiff served Defendants on October 17, 2017. ECF Nos. 3, 4. Her pleadings having gone unanswered, on November 13, 2017, Plaintiff filed a Motion for Clerk's Entry of Default, ECF No. 5. Because of Defendant's failure to respond or defend this proceeding, on December 13, 2017, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk issued an Entry of Default as to each defendant. ECF No. 7. Plaintiff then filed a Motion for Default Judgment on February 1, 2018. Pl.'s Mot., ECF No. 8. Plaintiff's

counsel, Eduardo Garcia, certified that he sent a copy of the motion to Defendants, Pl.'s Mem. 12; however, neither Defendant has responded.

**Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process when a party applies for default judgment. First, the rule provides that "when a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, "the plaintiff [then may] seek a default judgment." *Godlove v. Martinsburg Senior Towers, LP*, No. 14-CV-132, 2015 WL 746934, at *1 (N.D.W. Va. Feb. 20, 2015); *see* Fed. R. Civ. P. 55(b). "The Fourth Circuit has a 'strong policy' that 'cases be decided on their merits.'" *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 420 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)). However, "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 420–22.

In determining whether to grant a motion for default judgment, the Court takes as true the well-pleaded factual allegations in the complaint, other than those pertaining to damages. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). If the Court finds that "liability is established, [it] must then determine the appropriate amount of damages." *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 484 (citing *Ryan*, 253 F.3d at 780-81). In order to do so, "the court may conduct an evidentiary hearing, or may dispense with a hearing if there is an adequate evidentiary basis in the record from which to calculate an award." *Mata v. G.O. Contractors Grp., Ltd.*, No. TDC-14-3287, 2015 WL 6674650, at *3 (D. Md. Oct. 29, 2015); *see* Fed. R. Civ. P. 55(b).

**Discussion**

*Liability & Plaintiff's Claims under the FLSA, the MWHL, and the MWPCL*

Plaintiff's well pleaded factual allegations, taken as true, establish liability under the FLSA, MWHL, and MWPCL. "A violation of the FLSA and the MWHL occurs when an employer fails to pay an employee overtime wages—one-and-one-half times the employees' [sic] base wage—for every hour over 40 hours worked in a week." *Flores v. Envtl. Tr. Sols., Inc.*, No. PWG-15-3063, 2016 WL 5459106, at *2 (D. Md. Sept. 28, 2016), *vacated,* No. PWG-15-3063, 2018 WL 2237127 (D. Md. May 16, 2018) (citing *Mata*, 2015 WL 6674650 at, *4). Here, Plaintiff established through her declaration that her former employer violated the FLSA and MWHL by failing to compensate her fully at the Overtime Rate for the overtime hours she worked. Plaintiff asserts that she worked for approximately sixty hours per week and was compensated at her regular hourly rate for all but a "handful of occasions." *See* Noya Jiminez Decl. ¶ 10. Thus, Defendants are liable to Plaintiff under the FLSA and the MWHL for the difference between the Overtime Rate and her regular hourly rate. *See Donovan v. Kentwood Dev. Co.*, 549 F. Supp. 480, 485 (D. Md. 1982) (stating that "a prima facie case [for violation of FLSA] can be made through an employee's testimony giving his recollection of hours worked").

Defendants also are liable under the MWPCL. The MWPCL requires an employer to pay an "employee all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Lab. & Empl. § 3-505. The Maryland Court of Appeals has held that "both the [M]WHL and the [M]WPCL are vehicles for recovering overtime." *Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625–26 (Md. 2014). Plaintiff asserts that Defendant failed to pay overtime wages at the appropriate rate, that she is still owed overtime

compensation, and that Defendants' failure to fully compensate for the overtime hours was "not due to any bona fide dispute, and was therefore willful and not in good faith." Compl. ¶¶ 31–32. Thus, the Defendants also are liable under the MWPCL for unpaid overtime wages. *See Peters*, 97 A.3d at 625–26; Lab. & Empl. § 3-505.

*Damages*

In order to calculate damages, this Court "may rely on affidavits or other evidentiary documents in the record to determine the amount of damages." *Joe Hand Promotions, Inc. v. Hanaro Bethesda, Inc.*, No. WGC-11-191, 2012 WL 2366378, at *4 (D. Md. June 20, 2012). "The Court may award damages based on Plaintiffs' testimony even though the amounts claimed are only approximated and not perfectly accurate." *Flores v. City Certified Bldg. Servs., Inc.*, No. ELH-16-2135, 2016 WL 6780209, at *3 (D. Md. Nov. 16, 2016) (quoting *Lopez v. Lawns 'R' Us*, No. DKC-07-2979, 2008 WL 2227353, at *3 (D. Md. May 23, 2008). Furthermore, "this court has awarded damages for unpaid wages based on a Plaintiff's declaration asserting the average number of hours he worked." *Sanabria v. Cocody, Inc.*, No. DKC 16-0365, 2017 WL 3022990, at *4 (D. Md. July 17, 2017). "But Plaintiff cannot recover under more than one theory." *Id.* (citing *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980)). "Therefore, she only may recover an amount equivalent to the minimum wages she established as owed; she cannot recover three times that amount by . . . [aggregating recoveries] under the FLSA, MWHL, and MWPCL." *Id.*

Ms. Noyez Jiminez asserts that she worked in excess of forty hours per week from July 28, 2014 to July 16, 2017. *See* Noya Jiminez Decl. ¶¶ 2, 10. She worked for Defendants for approximately sixty hours per week and was not compensated at the required Overtime Rate for those hours worked over forty hours, except for a "handful of occasions." *Id.* ¶ 10. Plaintiff

asserts that Defendant Lanza recorded her hours as well as the amount and rate she was paid on her pay stubs. *Id.* ¶ 12. Ms. Noya Jiminez has established that she is owed the difference between the Overtime Rate and the regular hourly rate for the pay periods where Mr. Lanza indicated she worked overtime hours. *See* Noya Jiminez Decl. ¶¶ 10–11. Further, based on Plaintiff's assertion that she worked approximately 60 hours in a given week throughout her tenure, her paystubs, and the chart created by counsel,[1] the Court finds that even for those periods for which her pay stubs lack handwritten notes from Mr. Lanza that Plaintiff worked twenty hours of overtime and previously was compensated only at her regular hourly rate. *See id.* ¶ 10; Pay Stubs, ECF No. 8-2; Compensation Chart. The Court adopts this chart in full as it accounts for the handwritten notes by Mr. Lanza and those hours asserted by Ms. Noya Jiminez. Accordingly, Plaintiff is entitled to $13,266.65 in overtime wages.

*Enhanced Damages*

Pursuant to the FLSA, an employer who withholds overtime compensation "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . *and* in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). On the other hand, the MWPCL states that "if an employer fails to pay an employee . . . not as a result of a bona fide dispute, the court may award the employee an amount not exceeding *3 times the wage* [treble damages], and reasonable counsel fees and other costs." Lab. & Empl. § 3-507.2(a-b) (emphasis added). Nevertheless, the Supreme Court has noted that it "goes without saying that the courts can and should preclude double recovery by an individual." *Gen. Tel. Co. of the Nw.*, 446 U.S. at 333; *see also Vanegas v. Diaz Granados, Inc.*, No. PWG-15-2298, 2017 WL 345855, at *5 (D. Md. Jan. 24, 2017)

---

[1] Plaintiff's chart indicates the number hours she worked, the amount she was paid, and the amount of pay she is owed. Compensation Chart, ECF No. 8-3.

(citing *Gen. Tel. Co. of the Nw. v. EEOC*, 446 U.S. 318, 333 (1980)); *Quiroz v. Wilhelm Commercial Builders, Inc.*, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011) ("Plaintiffs are entitled to recover liquidated damages under the FLSA or treble damages under the Maryland Wage Payment and Collection Law, but not both").

In this case, Plaintiff has requested treble damages under the MWPCL, as well as liquidated damages (or double damages) under the FLSA. *See* Compl. ¶ 32. In practice, treble damages have been awarded for public policy and remedial reasons, to protect workers and to incentivize employers to pay their employees regularly. *Lopez v. Lawns 'R' Us*, No. CIV. DKC 07-2979, 2008 WL 2227353, at *4 (D. Md. May 23, 2008) (report and recommendation noting that "[e]nhanced damages serve the dual purposes of compensating employees for consequential losses, such as late charges or evictions, that can occur when employees who are not properly paid are unable to meet their financial obligations; and of penalizing employers who withhold wages without colorable justification.") (citing *Admiral Mortg.*, 357 Md. at 549–51; *Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 848 (D. Md. 2005)); *Cruz v. Home & Garden Concepts, LLC*, No. GJH-15-204, 2016 WL 3679139, at *7 (D. Md. July 12, 2016) (report and recommendation noting that "[a]warding treble damages appropriately punishes the Defendants for their misconduct and places other employers on notice about the consequences of violating the MWPCL."). However, less than treble damages have been awarded in situations where employers appear less culpable or plaintiffs have not proven consequential damages in addition to their unpaid wages. *Melgar Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, No. GJH-13-01888, 2016 WL 2990720, at *6 (holding that double damages were appropriate when the employer provided some cash payments during employment but not what was owed); *Sanabria v. Cocody, Inc.*, No. DKC-16-0365, 2017 WL 3022990, at *4 (D. Md. July 17, 2017) ("[I]t has

become customary in this district to award double damages under the FLSA, but not treble damages under the MWPCL, when the "defendants '[do] not offer any evidence of a bona fide dispute' to make liquidated damages inappropriate, [but the] plaintiffs '[do] not offer any evidence of consequential damages suffered because of the underpayments.'") (quoting, *inter alia Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *8 (Grimm, J.) (report and recommendation). Here, Plaintiff has not proven consequential damages. Therefore, I will deny Plaintiff's request for treble damages, and instead award liquidated damages pursuant to the FLSA. Plaintiff is therefore awarded a total of $26,533.30 ($13,266.65 x 2), inclusive of actual and liquidated damages.

*Attorney's Fees and Costs*

Plaintiff also seeks attorneys' fees and costs. *See* Compl. ¶ 57. Reasonable attorneys' fees and costs are mandatory under 29 U.S.C. § 216(b). In addition, the MWHL also provides that the Court may award reasonable attorney's fees and costs. *See* Lab. & Empl. § 3-427(d). In calculating an award for attorney's fees, the Court must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008); *see Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) (stating that "[i]n addition to the attorney's own affidavits, the fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award") (internal citations omitted). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). In determining whether the lodestar results in a reasonable fee, this

Court evaluates "the twelve well-known factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)." *Thompson*, 2002 WL 31777631, at \*6 (footnotes omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to properly perform the legal service; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at \*6 n.19 (citing *Johnson*, 488 F.2d at 717–19). However, the Supreme Court has noted (and experience awarding attorneys' fees has confirmed) that the subjective *Johnson* factors provide very little guidance and, in any event, that "'the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" *Perdue*, 559 U.S. at 551, 553 (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 549, 566 (1986)).

An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984); *see Thompson v. HUD*, No. MJG-95-309, 2002 WL 31777631, at \*6 n.18 (D. Md. Nov. 21, 2002) (same). In Appendix B to its Local Rules (D. Md. Jul. 2014, Dec. 2015 Supp.), available at http://www.mdd.uscourts.gov/local-rules, this Court has established rates that are presumptively reasonable for lodestar calculations. *See, e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000). Here, Plaintiff seeks a total of $4,046.00 in attorneys' fees, for 14.3 hours. Pl.'s Mot. 7–10; Lombardo Decl. ¶¶ 6–7, ECF No. 7-4; Pl.'s Itemization, ECF No. 7-4, at 5–11. In this matter, Plaintiff had the assistance of two

attorneys, Mary C. Lombardo and Eduardo Garcia, and one paralegal, Natalia Prado. Lombardo Decl. ¶¶ 1–5. They billed as follows: :

| Attorney/Paralegal | Hours | Rate | Amount |
|---|---|---|---|
| Mary C. Lombardo | 1.10 | $475.00 | $ 522.50 |
| Eduardo Garcia (2018 charges) | 3.20 | $345.00 | $1,104.00 |
| Eduardo Garcia (2017 charges) | 4.20 | $325.00 | $1,365.00 |
| Natalia Prado (2018 charges) | 0.70 | $195.00 | $ 136.50 |
| Natalia Prado (2017 charges) | 5.10 | $180.00 | $ 918.00 |
| Total: | 14.30 | | $4,046.00 |

Pl.'s Itemization 11. Appendix B to this Court's Local Rules, Rules and Guidance for Determining Attorneys' Fees in Certain Cases, provides that $275–425 is a reasonable hourly fee for "[l]awyers admitted to the bar for fifteen (15) years to nineteen (19) years," that $150–225 is a reasonable fee for "[l]awyers admitted to the bar for less than five (5) years," and $95–150 is a reasonable hourly fee for "[p]aralegals and law clerks." Loc. R. App'x B, at 3.d, e (footnote omitted). Plaintiff's counsel Mary C. Lombardo has been practicing law "for over seventeen years" and is "admitted to practice in state and federal courts in Pennsylvania, New Jersey (inactive), Maryland, the District of Columbia and Virginia." Lombardo Decl. ¶ 1. This case was "handled primarily by [her] colleague Eduardo S. Garcia" who "was admitted to the bar in 2014" and he "focuses his practice on employment law and civil litigation. *Id.* ¶ 3. For attorneys of their experience, the requested $475 rate for Ms. Lombardo and the requested $345 and $325 rates for Mr. Garcia exceed those rates in Appendix B of this Court's Local Rules. *See* Loc. R. App'x B, at 3.a, 3.d. Additionally, the requested rates of $180 and $195 per hour for a paralegal also exceed those in Appendix B of the Local Rules. *Id.* at 3.f. Counsel have not provided a persuasive reason why the presumptively reasonable rates in Appendix B should be overridden,

and therefore, I will award attorneys' fees at rates found in Appendix B—Ms. Lombardo at a rate of $425 per hour; Mr. Garcia at a rate of $225 per hour; and Ms. Prado at a rate of $150 per hour.

Ms. Lombardo asserts that she, Mr. Garcia and Ms. Prado collectively devoted 14.3 hours to this litigation, including 6.1 hours for case development, background investigation and case administration; 1.0 hour for pleadings; 4.1 hours for motions; and 3.3 hours for settlement.[2] Lombardo Decl. ¶ 6; *see Thompson,* 2002 WL 31777631, at *9–10 (report and recommendation noting that the prevailing party must "justify the hours for which an award is sought," generally by "an itemized list of hours ... and short description for each entry"; "minutely detailed records" are not required to support a fee request) (citing *Fair Housing Council of Greater Wash. v. Landow,* 999 F.2d 92, 97–98 (4th Cir.1993); *Daly v. Hill,* 790 F.2d 1071, 1080 (4th Cir.1986)). The 14.3 hours (8.5 attorney hours and 5.8 paralegal hours) included time spent conferring between counsel and with the client regarding the case; drafting the Complaint; and drafting and filing the Motion Requesting Entry of Default, and Motion for Default Judgment. *See* Pl.'s Itemization, ECF No. 7-4, at 7–8. I find that the 14.3 hours spent by counsel and one paralegal on Plaintiff's case was reasonable. The amount of time spent and the fees claimed also are in line with the *Johnson* factors as counsel spent a sufficient but not excessive amount of time on this matter. Further, accepting cases like Ms. Noya Jiminez's furthers an important public policy—enforcing wage and hour statutes—which could not be accomplished without permitting attorneys to recover fees for doing so.

Having amended the rates at which counsel and the one paralegal are to be compensated, the following represents the award of attorneys' fees:

---

[2] Plaintiff's Itemization is attached as Exhibit A to Ms. Lombardo's Declaration and both documents are included in ECF No. 7-4. Ms. Lombardo's declaration asserts that 14.5 hours were worked; however the records in Exhibit A only account for 14.3 hours and therefore, 14.3 hours is the maximum Plaintiff may be awarded for attorneys' fees.

| Attorney/Paralegal | Hours | Rate | Amount |
|---|---|---|---|
| Mary C. Lombardo | 1.10 | $425.00 | $ 467.50 |
| Eduardo Garcia | 7.40 | $225.00 | $1,665.00 |
| Natalia Prado | 5.80 | $150.00 | $ 870.00 |
| Total: | 14.30 | | $3,002.50 |

No additional reductions are required because Plaintiff has succeeded on her claims and counsel are not being excessively compensated for the work they have provided. *See Randolph v. Powercomm Constr. Inc.*, 715 F. App'x 227, 230 (4th Cir. 2017); *Jeffry Butler, et al. v. DIRECSAT USA, LLC, et al.*, No. DKC-10-2747, 2016 WL 1077158, *6 (D. Md. Mar. 18, 2016) ("Fee awards should be adequate to attract competent counsel, [they] should not produce a windfall to attorneys.").

Plaintiff also seeks to recover costs totaling $580.00 ($400.00 for the initial filing fee and $180.00 for effecting service on Defendants). Lombardo Decl. ¶ 8; Pl.'s Itemization, ECF No. 7-4, at 10. Under the FLSA and other similar fee-shifting statutes, "the costs that may be charged to losing defendants include 'those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services.'" *Lopez*, 2008 WL 2227353, at *7 (quoting *Spell v. McDaniel,* 852 F.2d 762, 771 (4th Cir. 1988) (finding a $350 filing fee and a $200 service process fee "well within the categories of normal and necessary costs of litigation"). The costs Plaintiff submitted are reasonable. Therefore, I will award $580.00, the full request for costs, to Plaintiff.

## **Conclusion**

Ms. Noya Jiminez has established Defendants'' liability. Judgment will be entered in the amount of $26,533.30 and she will be awarded $3,002.50 in attorneys' fees and $580.00 in costs. A separate order will follow.

<u>Dated: August 17, 2018</u>

/S/
Paul W. Grimm
United States District Judge

jml